UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**HERBERT HACKETT**                                                            **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 5:21-CV-157-TBR**

**HEALTHWORKS MEDICAL**                                        **DEFENDANT**

### MEMORANDUM OPINION

Plaintiff, Herbert Hackett, filed a *pro se*, *in forma pauperis* 42 U.S.C. § 1983 civil-rights complaint (DN 12). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the Court will dismiss this action.

### I. STATEMENT OF CLAIMS

Plaintiff originated this action in the district court for the Eastern District of Arkansas, which then transferred the case here. This Court instructed Plaintiff to file his complaint on the court-approved complaint form and instructed him that the new complaint would supersede his original complaint. In his superseding complaint (DN 12), Plaintiff names as Defendant Healthworks Medical, located in Paducah, Kentucky. He alleges that Defendant intentionally switched Plaintiff's drug test on June 1, 2021, and gave Plaintiff a false drug test. He also alleges that "he was deliberately, intentionally, maliciously, unlawfully, Discriminated against because of his race." He asks for monetary and punitive damages.

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. *See* § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 608-09. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To state a claim under § 1983, Plaintiff must satisfy two elements: he must allege a violation of a right secured by the Constitution or laws of the United States, and he must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

To determine whether a party's action constitutes state action, a federal court must ask whether the defendant's action may be "'fairly attributable to the state.'" *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). The Supreme Court has set forth three tests to determine whether the challenged conduct may be fairly attributable to the state in order to hold defendants liable under section 1983. These tests are: (1) the public function test, (2) the state compulsion test, and (3) the symbiotic relationship or nexus test. *Wolotsky v. Huhn*, 960 F.2d at 1335 (internal citations omitted).

Here, Plaintiff makes no allegations that would support a finding that defendant is a state actor under any of the three tests set forth above. Additionally, courts have found that private laboratories are not state actors. *See, e.g.*, *Atkins v. Garcia Lab'y*, No. CIV.A. 05-73272-DT, 2005 WL 2173542, at *2 (E.D. Mich. Sept. 1, 2005) ("[T]he defendant cannot be held liable under § 1983, because a private laboratory is not a state actor."); *see also Nygren v. Predovich*, 637 F. Supp. 1083, 1088 (D. Colo. 1986). In fact, even if Plaintiff's employer required the drug test as part of a government-encouraged compliance with a drug-free workplace initiative, which Plaintiff has not alleged, such a fact would not transform the laboratory's action into state action *Atkins*, 2005 WL 2173542, at *2 (citing *Mares v. Conagra Poultry Co.*, 773 F. Supp. 248, 254 (D. Colo. 1991). Because Defendant is not a state actor, Plaintiff fails to state a claim under § 1983.

### III. CONCLUSION

For the foregoing reasons, the Court **DISMISSES** Plaintiff's 42 U.S.C. § 1983 claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

Date: May 3, 2022

Thomas B. Russell, Senior Judge
United States District Court

cc: Plaintiffs, *pro se*
    Defendant
4413.009

3